### MARY G. SHEPPARD V. VICTOR H. LANE, ACTING CIRCUIT JUDGE OF WAYNE CO.

HOMESTEAD.—LEVY OF EXECUTION THEREON.—BILL TO REMOVE CLOUD THEREBY CREATED.

Relator applied for *mandamus* to compel respondent to hear and decide upon the merits the case made by her bill, filed to remove the cloud created upon her homestead by an execution levy. An order to show cause was denied, appeal being the proper remedy.

*Charles C. Stewart*, for relator contended:

1. That relators case was an exception to the rule requiring a review of a decree by appeal: citing *City of Detroit v. Circuit Judge,* 79 Mich. 384, and that if an appeal is taken, in the ordinary way, the homestead will be wiped out by the foreclosure proceedings before the appeal can be heard.

The facts as alleged in the petition for *mandamus* were as follows:

*a*—That on April 10, 1892, relator purchased a homestead in the City of Detroit for $2800, which included a purchase money mortgage for $2000 and had occupied the premises as her homestead since said purchase.

*b*—That on September 18, 1893, said homestead and other property were attached at the suit of one of relators creditors; that in December 1893, the plaintiff in attachment obtained a judgment against relator; that an execution was issued on said judgment and levied upon said homestead in continuation of the attachment levy; that said homestead is only worth including said mortgage, which amounts to $2400 the sum of $3200; that the mortgage has been foreclosed by advertisement and the homestead sold to a third party; that the redemption year expires October 28, 1896; that relator has been prevented by said attachment and execution levies from selling said homestead or borrowing money thereon with which to redeem it from said mortgage.

*c*—That on November 5, 1895, relator filed a bill in the Wayne circuit court in Chancery to remove the cloud created by the attachment and execution levies. (A copy of said bill is attached to the petition for *mandamus,* in which it is stated among other things that the premises levied upon were appraised; and that the appraisers found the value of the homestead including the mortgage to be the sum of three thousand dollars. A copy of defendants answer is also attached to said petition, Editor.)

*d*—That the respondent dismissed said bill for the reasons, as stated in his opinion that the case made by the bill is that the premises levied upon are complainants homestead, and as to value within the statutory amount; that the defendants in their answer say that said premises are not complainants homestead, and if they are, that they exceed in value the sum of fifteen hundred dollars; that the statute provides a method by which under the levy the homestead question shall be determined; that the levy recognizes complainants homestead rights, and it is a simple question from the testimony as to whether the premises exceed in value the sum of fifteen hundred dollars; that the chancery court cannot intervene and take the place of the appraisers provided for by said statute, for the determination of this question.